IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CARLOS ELY RAMOS GONZALEZ, <br><br> Defendant. | 8:18CR253 <br><br> **ORDER** |

This matter is before the Court on the magistrate judge's[1] Findings and Recommendation (Filing No. 28) recommending the Court deny defendant Carlos Ely Ramos Gonzalez's ("Ramos Gonzalez") "Motion to Dismiss – Out of Time – and Request for Hearing" (Filing No. 19). Ramos Gonzalez objects (Filing No. 29) to the Findings and Recommendation. Both parties offered exhibits in support of their briefs without objection. For the purposes of this motion, the Court accepts the facts within the parties' exhibits as undisputed.

Ramos Gonzalez is a Guatemalan citizen. On September 27, 1988, an "Order to Show Cause and Notice of Hearing" initiated deportation proceedings against Ramos Gonzalez. An immigration judge ("IJ") denied Ramos Gonzalez's application for asylum and ordered his deportation to Guatemala on June 5, 1989.[2]

On March 16, 1990, an "Order to Show Cause, Notice of Hearing, and Warrant for the Arrest of Alien" ("OSC") commenced a second deportation proceeding against Ramos Gonzalez and notified him he was to appear before an IJ at a "location to be set" on a "time

---

[1]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

[2]Ramos Gonzalez was represented by counsel and reserved the right to appeal his deportation. As of January 14, 1991, it appears that appeal was pending and continued indefinitely.

and date to be set." "[U]pon [Ramos Gonzalez's] admissions," an IJ ordered his deportation to Guatemala on May 17, 1990 ("1990 Deportation Order"). Ramos Gonzalez waived his right to appeal and was deported on June 1, 1990.

Ramos Gonzalez reentered the United States and, in September 2006, was convicted of conspiracy to distribute and possess with intent to distribute heroin, possession with intent to distribute heroin, and illegal reentry subsequent to deportation in the United States District Court for the Southern District of New York. He was again removed from the United States in 2010.

The Indictment in the present case charges Ramos Gonzalez with illegal reentry subsequent to deportation on or about August 30, 2018, in violation of 8 U.S.C. § 1326(a) and (b)(2). Ramos Gonzalez argues this Indictment should be dismissed because the 1990 Deportation Order is void. Relying on an interpretation of *Pereira v. Sessions*, ___ U.S. ___, 138 S. Ct. 2105 (2018), set forth in *United States v. Virgen-Ponce*, 320 F. Supp. 3d 1166 (E.D. Wash. 2018), Ramos Gonzalez asserts that his 1990 Deportation Order is void for lack of jurisdiction, due process, and structural integrity because the OSC failed to specify the time, date, and location of his deportation hearing. Without that 1990 Deportation Order, Ramos Gonzalez contends he cannot be charged with illegal reentry subsequent to deportation.

After the parties jointly waived an evidentiary hearing, the magistrate judge denied Ramos Gonzalez's motion. Aptly recognizing the narrowness of the Supreme Court's holding in *Pereira*, __ U.S. ___, 138 S. Ct. 2105, the magistrate judge joined those district courts who have addressed this question, including this Court, in rejecting Ramos Gonzalez's jurisdictional argument. *See, e.g.*, *United States v. Duarte*, 4:18CR3083, 2018 WL 6493090 (D. Neb. Nov. 30, 2018) *findings and recommendation adopted*, 4:18CR3083, 2018 WL 6492750 (D. Neb. Dec. 10, 2018); *see also German Bermudez-Cota*, 27 I&N Dec. 441 (BIA 2018) (distinguishing *Pereira*, ___ U.S. ___, 138 S. Ct. 2105,

and concluding a notice to appear not specifying the date and location of a noncitizen's deportation proceeding vests an IJ with jurisdiction when the noncitizen later receives the information). The magistrate judge further concluded that Ramos Gonzalez has failed to show prejudice by establishing that, but for the OSC's alleged deficiencies, he would not have been deported.

The Court has reviewed de novo Ramos Gonzalez's Motion to Dismiss, the parties' briefs and exhibits, and the Findings and Recommendation. *See* 28 U.S.C § 636(b)(1). The Court agrees with the prior rulings of this Court and concludes Ramos Gonzalez's motion should be denied for the reasons stated in the magistrate judge's well-founded Findings and Recommendation.

IT IS ORDERED:
1. Defendant Carlos Ely Ramos Gonzalez's objection (Filing No. 29) is overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 28) are accepted.
3. Ramos Gonzalez's "Motion to Dismiss – Out of Time – and Request for Hearing" (Filing No. 19) is denied.

Dated this 8th day of March 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge